FREDERICK A. TERRY, PETITIONER *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 16317-87.       Filed July 21, 1988.

*James Berton Lewis,* for the petitioner.
*William R. Davis, Jr.,* for the respondent.

### OPINION

NIMS, *Chief Judge:* This case was assigned to Special Trial Judge James M. Gussis pursuant to the provisions of section 7443A(b)(3) of the Internal Revenue Code and Rule 180 et seq. of the Tax Court Rules of Practice and Procedure.[1] The Court agrees with and adopts his opinion which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

GUSSIS, *Special Trial Judge:* Respondent determined a deficiency in petitioner's Federal income tax for 1984 in the amount of $705. The issue is whether respondent's intercept (under section 6402(c)) of petitioner's claimed overpayment of his 1984 tax affects the validity of the subsequent determination by respondent of a deficiency for such year.

Petitioner was a resident of Circleville, New York, at the time the petition herein was filed. All of the facts were stipulated and the case was submitted pursuant to Rule 122.

---

[1] All section references are to the Internal Revenue Code as amended and in effect during the year at issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise stated.

Petitioner's income tax return for 1984 indicated a tax liability for 1984 in the amount of $2,455 and a resulting refund due petitioner in the amount of $848.29. At the time petitioner filed his return, respondent had been notified by the Department of Health and Human Services, in accordance with section 464 of the Social Security Act, that petitioner owed past-due child support to the State of Washington of not less than $848.29. On May 20, 1985, respondent, pursuant to the tax refund intercept provisions of section 6402(c), reduced the overpayment indicated on petitioner's 1984 return by the full amount of $848.29 and remitted this amount to the State of Washington.[2] Consequently, petitioner did not receive any refund with respect to his 1984 tax.

On April 6, 1987, respondent issued a statutory notice of deficiency to petitioner determining a deficiency in petitioner's 1984 tax of $705 based on respondent's adjustment showing an increase in petitioner's taxable income of $2,017. Petitioner agrees that this additional amount of income is includable in his 1984 taxable income. The only question before the Court involves the impact, if any, of the intercept of petitioner's 1984 tax refund pursuant to section 6402(c) on the validity of the deficiency in tax for 1984 determined by respondent.

Section 6402(a)[3] authorizes the refund to a taxpayer of any overpayment by him. The regulations provide that a properly executed individual original income tax return shall constitute a claim for refund "for the amount of the overpayment disclosed by such return (or amended return)." Sec. 301.6402-3(a)(5), Proced. & Admin. Regs. Section 6402(c) provides as follows:

SEC. 6402(c). OFFSET OF PAST-DUE SUPPORT AGAINST OVERPAY-MENTS.—The amount of any overpayment to be refunded to the person making the overpayment shall be reduced by the amount of any past-due

---

[2]The tax refund intercept statute was originally enacted as part of the Omnibus Budget Reconciliation Act of 1981, Pub. L. 97-35, sec. 2331, 95 Stat. 860.

[3]Sec. 6402(a) provides as follows:

SEC. 6402(a). GENERAL RULE.—In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c) and (d), refund any balance to such person.

support (as defined in section 464(c) of the Social Security Act) owed by that person of which the Secretary has been notified by a State in accordance with section 464 of the Social Security Act. The Secretary shall remit the amount by which the overpayment is so reduced to the State collecting such support and notify the person making the overpayment that so much of the overpayment as was necessary to satisfy his obligation for past-due support has been paid to the State. A reduction under this subsection shall be applied first to satisfy any past-due support which has been assigned to the State under section 402(a)(26) or 471(a)(17) of the Social Security Act, and shall be applied to satisfy any other past-due support after any other reductions allowed by law (but before a credit against future liability for an internal revenue tax) have been made. This subsection shall be applied to an overpayment prior to its being credited to a person's future liability for an internal revenue tax.

In intercepting petitioner's 1984 overpayment and remitting the amount to the State of Washington, respondent clearly adhered to the unambiguous provisions of section 6402(c).[4] Petitioner's contention that respondent misappropriated his refund and that he is now required to pay the same amount of tax twice misconstrues the facts. Absent the intercept provisions of section 6402(c), a refund of any overpayment disclosed on a taxpayer's return would in the normal course of events be made to the taxpayer. See sec. 6402(a). Such a refund, however, is subject to final audit and adjustment of the taxpayer's return for the year involved, and respondent is not prevented from later determining a deficiency in tax for such year because of the prior refund. *Clark v. Commissioner,* 158 F.2d 851 (6th Cir. 1946), affg. a Memorandum Opinion of this Court; *Owens v. Commissioner,* 50 T.C. 577, 583 (1968). It is thus evident, in view of the above case authority, that a determination of a deficiency under such circumstances, i.e., where a prior refund has been made to a taxpayer, cannot logically be construed as an attempt by respondent to collect the same amount of tax twice. The same logic applies where, as here, the prior refund was intercepted under the statute to meet a past-due child support obligation of the taxpayer. In this factual context, there is no requirement for an offset of the

---

[4]"The tax-intercept law essentially directs the Secretary to give priority to a State's claim for recoupment of welfare payments made to a family who failed to receive child support, see sec. 402(a)(26)(A) of the Social Security Act, as amended, 42 U.S.C. sec. 602(a)(26)(A), over an individual's claim for refund of tax overpayment. * * * [*Sorenson v. Secretary of Treasury,* 475 U.S. 851, 856 (1986).]"

intercepted refund against the deficiency determined by respondent.

We have carefully considered petitioner's remaining arguments and find them unpersuasive. There is no merit in the argument made by petitioner that, under the circumstances here present, a deficiency does not exist within the meaning of the statute. Respondent correctly determined a deficiency in the amount of $705 ($3,160, the tax imposed by the statute, minus $2,455, the tax shown by petitioner on his return.) Section 6211(a), as here applicable, defines the term "deficiency" as the amount by which the tax imposed by law exceeds the amount of tax shown on the return, less any rebates as defined in section 6211(b)(2). Petitioner, in applying the definition of a deficiency in section 6211(a), incorrectly reduces the deficiency to zero by regarding the intercepted refund ($848.29) as a "rebate." See sec. 6211(b)(2); see also sec. 301.6211-1(e), example (1), and (f), Proced. & Admin. Regs. With respect to petitioner's suggestions for better methods of administering the tax refund intercept provisions of section 6402(c), it will suffice to state that in this factual context and in the absence of any evidence of unconstitutional conduct, this Court will not examine the administrative procedures of the Internal Revenue Service. Cf. *United States v. Correll,* 389 U.S. 299, 306-307 (1967). We conclude that respondent correctly determined the deficiency in petitioner's 1984 tax in the amount of $705, and in view of petitioner's agreement with the adjustments to his taxable income in the statutory notice of deficiency, respondent's determination must be sustained.

*Decision will be entered for the respondent.*