T.C. Memo. 2001-62

UNITED STATES TAX COURT

NEWTON K. AND KIMBERLY A. MCKOIN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4812-00.                        Filed March 15, 2001.

Newton K. McKoin, pro se.

<u>Alan Friday</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

ARMEN, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioners' Federal income tax for the taxable
year 1997 in the amount of $1,950.

After a concession by petitioner Newton K. McKoin,[1] the only issue for decision is whether certain payments made by petitioner Newton K. McKoin pursuant to an installment payment agreement may be offset against the deficiency in issue herein. We hold that they may not.

## FINDINGS OF FACT

Virtually all of the facts have been stipulated, and they are so found.

Petitioners resided in D'Iberville, Mississippi, at the time that their petition was filed with the Court. References to petitioner are to Newton K. McKoin.[2]

A. Petitioner's Tax Liability for the Year in Issue

Petitioner, an attorney, timely filed a Federal income tax return, Form 1040, for 1997. On his return, petitioner reported income tax in the amount of $2,381 and claimed total payments in the amount of $6,924.[3] Accordingly, petitioner claimed an

---

[1] Petitioner Newton K. McKoin does not dispute the deficiency in income tax determined by respondent.

[2] Petitioner Kimberly A. McKoin (Mrs. McKoin) did not appear at trial and did not execute the stipulation of facts. Accordingly, the Court will dismiss this action as to her pursuant to respondent's oral motion to dismiss for lack of prosecution. See Rule 123(b), Tax Court Rules of Practice and Procedure. However, decision will be entered against Mrs. McKoin consistent with the decision entered against petitioner.

[3] This total consisted of (1) income tax in the amount of $76 withheld from Mrs. McKoin's wages and (2) estimated tax paid by petitioner in the amount of $6,848.

overpayment in the amount of $4,543.

In processing petitioner's 1997 return, respondent discovered mathematical or clerical errors that served to understate petitioner's reported tax liability, and therefore overstate petitioner's overpayment claim, by $118. After correction of these errors, the overpayment claim was reduced to $4,425.

By notice dated June 1, 1998, respondent advised petitioner that the overpayment claimed on his 1997 return (corrected as described above) had been applied to petitioner's outstanding tax liability for 1987.

On February 4, 2000, respondent sent petitioner a notice of deficiency determining a deficiency in his Federal income tax for 1997 in the amount of $1,950. The deficiency was based on respondent's determination that petitioner had failed to report on his 1997 return: (1) Gambling income in the amount of $6,800, (2) interest income in the amount of $315, and (3) taxable Social Security benefits in the amount of $5,878.

Shortly after respondent sent the notice of deficiency, petitioner submitted Form 1040X, Amended U.S. Individual Income Tax Return, for 1997. In the Form 1040X, petitioner admitted that he had failed to report the amounts determined by respondent in the notice of deficiency and that his total income tax liability for 1997 was $4,451, an amount consistent with

respondent's overall determination. Further, in the Form 1040X, petitioner claimed an overpayment in the amount of $2,373, which he calculated by subtracting total tax of $4,451 from total payments of $6,924.[4]

B. Petitioner's Tax Liabilities for 1983 Through 1990

Prior to 1992, petitioner entered into an installment payment agreement with respondent. This agreement, which was memorialized using Form 433-D, Installment Agreement, pertained to income taxes owed by petitioner for the taxable years 1983 through 1990 in the amount of approximately $59,300. The agreement has remained in effect continuously through the date of submission of this case.

As originally executed, the Installment Agreement obligated petitioner to pay 10 percent of his monthly gross receipts to respondent. In or about 1992, the agreement was amended to obligate petitioner to pay 20 percent of his monthly gross receipts to respondent. The agreement provides that amounts paid by petitioner will "be applied to current year's estimated tax."

The Installment Agreement includes a number of conditions. Among these conditions are the following three:

All Federal taxes that become due during the term of this agreement must be paid on time.

Any Federal or State refunds that might otherwise be

---

[4] Mathematically, the amount of the claimed overpayment should have been $2,473.

.due will be applied to this liability until it is satisfied.

If the Conditions of this Installment Agreement are not met, it will be terminated and the entire tax liability may be collected by levy on income, bank accounts, or any other assets, or by seizure of property.

OPINION

Petitioner concedes that there is a deficiency in his income tax for 1997 as determined by respondent in the notice of deficiency.  However, petitioner contends that he does not owe the deficiency because he previously paid it.  In this regard, petitioner relies on language in the Installment Agreement that obligates him to pay 20 percent of his monthly gross receipts to respondent "to be applied to current year's estimated tax." Petitioner construes this language to mean that current year payments made pursuant to the Installment Agreement are allocable to current year tax liability, regardless of when such liability may ultimately be determined, and only then may any excess be applied to an outstanding liability for some other year.

We disagree with petitioner's interpretation of the Installment Agreement.  In our view, petitioner's interpretation is strained, if not unreasonable, and subverts the statutorily established estimated tax payment procedure.

The Installment Agreement expressly requires that "All Federal taxes that become due during the term of this agreement must be paid on time."  Towards that end, the agreement obligates

petitioner to pay 20 percent of his monthly gross receipts to respondent to "be applied to current year's estimated tax." Payment of estimated tax by a taxpayer constitutes payment on account of the taxpayer's current year tax liability as reported by the taxpayer on the taxpayer's return. Sec. 6315; see sec. 6654.[5] See also In re Ripley, 926 F.2d 440, 441-442 (5th Cir. 1991), for a brief, general discussion of the estimated tax payment procedure. Once such reported liability is paid, any excess payment constitutes an overpayment, which may be refunded to the taxpayer or applied by the Commissioner to any outstanding liability owed by the taxpayer. See sec. 6402. In this regard, the Installment Agreement expressly authorizes respondent to apply any refund that might otherwise be payable to any outstanding liability covered by the agreement.

Here, petitioner made payments pursuant to the Installment Agreement in 1997 that respondent properly treated as payments of estimated tax for 1997. Petitioner then filed his 1997 return and claimed an overpayment because estimated tax payments (plus withheld income tax) exceeded his reported tax liability. Respondent allowed the claim (after adjusting the amount to correct for certain mathematical or clerical errors made by petitioner). Then, acting pursuant to section 6402, respondent

---

[5] All section references are to the Internal Revenue Code in effect for 1997, the taxable year in issue.

applied the overpayment to petitioner's outstanding liability for 1987. Respondent's actions were fully consistent with the Installment Agreement, as well as with operative provisions of statutory law. See Terry v. Commissioner, 91 T.C. 85, 87 (1988) (after applying an overpayment to a taxpayer's liability for another taxable year, the Commissioner is not precluded from subsequently determining a deficiency for the taxable year in respect of which the overpayment was originally claimed and allowed).

In view of the foregoing, we hold for respondent.[6]

In order to give effect to our disposition of the disputed issue, as well as petitioner's concession and respondent's oral motion to dismiss for lack of prosecution as to petitioner Kimberly A. McKoin,

> An appropriate order of dismissal and decision will be entered.

---

[6] In so holding, we are mindful of sec. 6512(b)(4), which serves to deny jurisdiction to the Court "to restrain or review any credit or reduction made by the Secretary under section 6402." Savage v. Commissioner, 112 T.C. 46, 49 (1999).