T.C. Memo. 2015-110

UNITED STATES TAX COURT

WILLIAM BILLY DEVY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29088-13.                               Filed June 15, 2015.

William Billy Devy, pro se.

Tracey B. Leibowitz, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  Respondent determined a deficiency of $2,500 in
petitioner's income tax for 2011.  The issues for decision are:  (1) whether
petitioner is entitled to a $2,500 American Opportunity Credit and (2) whether

[*2] respondent's intercept, under section 6402(c),[1] of petitioner's claimed overpayment of his 2011 tax affects the validity of respondent's subsequent determination of a deficiency for that year.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Florida at the time he filed the petition.

Petitioner claims that he paid a tax return preparation service known as "Tax Whiz" to prepare and file his tax return for 2011. Petitioner's 2011 Form 1040, U.S. Individual Income Tax Return, claimed the standard deduction and a $2,500 American Opportunity Credit. After application of the credit, petitioner's Form 1040 showed that he was due a $1,853 refund; however, he did not receive any portion of the refund. Instead, the whole amount was offset to pay an outstanding child support debt to the State of New York.

Petitioner did not have any qualifying educational expenses in 2011, and he states that he did not ask Tax Whiz to claim an educational credit on his 2011 tax return. Petitioner also states that he did not review his 2011 tax return before it

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] was filed by Tax Whiz. On October 7, 2013, respondent sent a statutory notice of deficiency to petitioner. Petitioner timely filed his petition.

OPINION

I.      American Opportunity Credit

Respondent disallowed petitioner's claimed American Opportunity Credit for 2011. Petitioner argues that he is not responsible for claiming the American Opportunity Credit on his Form 1040 because it was done fraudulently by his tax return preparer, Tax Whiz, without his knowledge or consent.

The American Opportunity Tax Credit is a modified version of the Hope Scholarship Credit and is in effect for tax years 2009 to 2018. Sec. 25A(i). The American Opportunity Credit provides for a credit against tax equal to "(A) 100 percent of so much of the qualified tuition and related expenses paid by the taxpayer during the taxable year * * * as does not exceed $2,000, plus (B) 25 percent of such expenses so paid as exceeds $2,000 but does not exceed $4,000." Sec. 25A(i)(1). The credit phases out for taxpayers whose modified adjusted gross income exceeds $80,000, or $160,000 for married taxpayers filing joint returns. Sec. 25A(i)(4). In addition, up to 40% of this credit may be refundable. Sec. 25A(i)(5).

**[*4]**    As a general rule, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S.111, 115 (1933).  Petitioner did not produce any evidence tending to show he was eligible for this credit.  In fact, petitioner has admitted that he did not have any qualifying educational expenses in 2011.  Thus, petitioner is not entitled to the American Opportunity Credit.  We sustain respondent's disallowance of this credit.

Taxpayers have a duty to review their tax returns before signing and filing them.  Magill v. Commissioner, 70 T.C. 465, 479-480 (1978), aff'd, 651 F.2d 1233 (6th Cir. 1981).  By his own admission petitioner did not review the return in question.  Reliance on a tax return preparer cannot absolve a taxpayer from the responsibility to file an accurate return.  See Metra Chem Corp. v. Commissioner, 88 T.C. 654, 662 (1987) ("As a general rule, the duty of filing accurate returns cannot be avoided by placing responsibility on a tax return preparer.").  Even if Tax Whiz may have claimed the credit without his knowledge, petitioner is still responsible for the resulting deficiency.

**[\*5]** II.      <u>Application of Refund to Child Support Debt</u>

Petitioner argues that he should not have to repay the $1,853 overpayment because the IRS applied that amount to pay his child support debt.  Respondent argues that we lack jurisdiction to adjudicate this issue because, inter alia, section 6402(g) precludes such jurisdiction.  <u>See</u> <u>Richards v. Commissioner</u>, T.C. Memo. 2013-171.

The fact that a tax overpayment for a particular year was applied to a child support debt does not affect whether a taxpayer must pay a deficiency subsequently determined for the same tax year.  Whether an overpayment for a given taxable year is refunded directly to a taxpayer or is intercepted for past-due child support, the Commissioner nevertheless may determine that there is a deficiency in tax for that year.  <u>Terry v. Commissioner</u>, 91 T.C. 85, 87 (1988).  If the Commissioner makes such a determination, the taxpayer is not entitled to an offset of the intercepted amount against the amount of the deficiency.  Sec. 6211(a).

We also agree with respondent that this Court lacks jurisdiction to review the application of petitioner's $1,853 overpayment to his outstanding child support debt.  Section 6402(c) provides that "[t]he amount of any overpayment to be refunded * * * shall be reduced by the amount of any past-due support".  <u>See also</u>

**[\*6]** 42 U.S.C. sec. 664(a)(1) (2006). Section 6402(g) provides that "[n]o court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c)". This bars us from reviewing the reduction of petitioner's 2011 overpayment to pay his child support debt. See also Terry v. Commissioner, 91 T.C. at 87 (noting that the fact that a prior refund was applied to a nontax child support debt does not prevent the IRS from subsequently determining a deficiency for the same tax year). Accordingly, we sustain respondent's determination.

To reflect the foregoing,

Decision will be entered for respondent.