112 T.C. No. 5


UNITED STATES TAX COURT


EDWARD TURNEY SAVAGE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3387-98.                    Filed February 16, 1999.


    P claimed a $10,131 overpayment on his return for
1993.  R applied all of the overpayment to P's assessed
tax liabilities for 1990 and 1991.  Thereafter, R
determined that P was liable for a $5,926 deficiency
for 1993.  P concedes the deficiency and does not now
claim an overpayment for 1993.  P claims that R
improperly determined P's tax liabilities for 1990 and
1991.  <u>Held</u>:  This Court does not have jurisdiction to
decide whether R properly determined the assessed
liabilities for years not before the Court.


Edward Turney Savage, pro se.

<u>Daniel A. Rosen</u>, for respondent.

COHEN, <u>Chief Judge</u>:  This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(3) of the Internal Revenue Code of 1986, as amended, and Rules 180, 181, and 182.[1]  The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, <u>Special Trial Judge</u>:  Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1993 in the amount of $5,926.

After concessions by petitioner, the only issue for decision is whether this Court has jurisdiction to decide whether respondent properly applied an overpayment of tax for 1993, the taxable year in issue, to assessed liabilities for taxable years not in issue in this case.  We hold that this Court does not have jurisdiction to decide this matter.

FINDINGS OF FACT

Some of the facts have been stipulated, and they are so found.  Petitioner resided in New York, New York, at the time that his petition was filed with the Court.

Petitioner made three estimated tax payments for 1993, the taxable year in issue, in the total amount of $31,000.

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Thereafter, on April 15, 1994, petitioner requested an extension of time to file his 1993 return, which request was granted. Petitioner made an additional $7,000 payment with that request. Thus, petitioner made payments for 1993 in the total amount of $38,000.

Petitioner filed his 1993 return on April 28, 1997, and reported tax thereon in the amount of $27,869. Based on his reported tax and his total payments, petitioner claimed an overpayment for 1993 in the amount of $10,131 (i.e., $38,000 - $27,869). Respondent applied the $10,131 overpayment to petitioner's assessed tax liabilities for 1990 and 1991 as follows:

| Year | Amount Applied |
|------|----------------|
| 1990 | $3,081.54 |
| 1991 | 7,049.46 |
| Total | 10,131.00 |

Petitioner's assessed tax liabilities for 1990 and 1991 included interest and penalties.

On November 20, 1997, respondent issued a notice of deficiency to petitioner. In the notice, respondent determined a deficiency in petitioner's income tax for 1993 in the amount of $5,926. Thereafter, petitioner filed a timely petition with this Court.

Prior to trial, petitioner conceded the deficiency determined by respondent in the notice of deficiency, and the

parties filed a stipulation of settled issues to that effect. Petitioner also concedes that respondent was authorized to apply the $10,131 overpayment that petitioner claimed on his 1993 return to his 1990 and 1991 taxable years. Petitioner contends that respondent improperly determined petitioner's tax liabilities--specifically interest and penalties--for 1990 and 1991. Thus, according to petitioner, some portion of the $10,131 overpayment is now available as an offset against the agreed deficiency for 1993.

OPINION

This Court is a court of limited jurisdiction; accordingly, we may only exercise jurisdiction to the extent expressly permitted or provided by statute. Henry Randolph Consulting v. Commissioner, 112 T.C. ___, ___ (1999) (slip op. at 6); Trost v. Commissioner, 95 T.C. 560, 565 (1990); Judge v. Commissioner, 88 T.C. 1175, 1180-1181 (1987). Thus, we have jurisdiction to redetermine a deficiency if a valid notice of deficiency is issued by the Commissioner and if a timely petition is filed by the taxpayer. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Insofar as our jurisdiction regarding overpayments is concerned, section 6512(b)(1) provides:

> if the Tax Court finds that there is no deficiency and
> further finds that the taxpayer has made an overpayment
> of income tax for the same taxable year, * * * or finds

that there is a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment * * *.

See Winn-Dixie Stores, Inc. v. Commissioner, 110 T.C. 291, 295 (1998).

Because respondent issued a valid notice of deficiency and petitioner filed a timely petition, we have jurisdiction to redetermine the deficiency or to determine an overpayment for the year in issue. However, petitioner concedes the deficiency, and he does not now claim an overpayment for the year in issue. Rather, petitioner contends that respondent improperly determined petitioner's assessed liabilities for interest and penalties for 1990 and 1991 and that, as a consequence, some portion of the $10,131 overpayment that petitioner claimed on his 1993 return is now available as an offset against the agreed deficiency for 1993. We hold, however, that we lack jurisdiction in this proceeding to review respondent's assessment of petitioner's liabilities for interest and penalties for 1990 and 1991.

Our analysis begins with section 6402. Under the general rule of that section, the Commissioner is expressly authorized to credit the amount of an overpayment against any tax liability of the taxpayer. Sec. 6402(a). However, after applying an overpayment against the taxpayer's liability for another taxable year, the Commissioner is not precluded from subsequently

determining a deficiency for the taxable year in respect of which the overpayment was originally claimed and allowed. Terry v. Commissioner, 91 T.C. 85, 87 (1988).

Section 6512(b) defines this Court's jurisdiction to determine overpayments. Paragraph (4) of such section serves to deny jurisdiction to the Court "to restrain or review any credit or reduction made by the Secretary under section 6402." Sec. 6512(b)(4).[2]

Pursuant to the authority conferred by section 6402(a), respondent credited the $10,131 overpayment claimed by petitioner on his 1993 return against his assessed tax liabilities, including interest and penalties, for 1990 and 1991. Petitioner contends that his liabilities for interest and penalties for 1990 and 1991 were improperly determined by respondent. However, section 6512(b)(4) clearly restricts our jurisdiction to decide that matter.

Our holding in this case is supported by an opinion of the Court of Appeals for the Second Circuit, the circuit to which this case is appealable, that predates the enactment of section 6512(b)(4). See Belloff v. Commissioner, 996 F.2d 607 (2d Cir.

_____

[2] Sec. 6512(b)(4) was added to the Code by the Taxpayer Relief Act of 1997 (TRA 1997), Pub. L. 105-34, sec. 1451(b), 111 Stat. 788, 1054. Sec. 6512(b)(4) became effective on Aug. 5, 1997, see TRA 1997, sec. 1451(c), 111 Stat. 1054, and is therefore applicable in this case.

1993).  In that case, the Court of Appeals for the Second Circuit indicated that a procedurally valid assessment for a year not before the Tax Court generally provides a proper basis for the application of a tax overpayment and precludes jurisdiction by the Tax Court to decide the merits of the assessment.  Id. at 616-617; see also Moretti v. Commissioner, 77 F.3d 637, 642 (2d Cir. 1996).  In the case before us, petitioner does not contest the timeliness or validity of the assessments for 1990 and 1991 as a procedural matter.  Petitioner seeks rather to have this Court decide the merits of those assessments.  Even the Court of Appeals' opinion in Belloff, which predates section 6412(b)(4), indicates that we lack jurisdiction to review that matter.

The present case is distinguishable from Winn-Dixie Stores, Inc. v. Commissioner, supra.  In that case, the taxpayer had agreed to the Commissioner's determination for certain years before the Court (the present years' underpayments).  The Commissioner and the taxpayer had also agreed as to the overpayments for certain years not before the Court (the prior years' overpayments).  The taxpayer requested that the Commissioner offset the prior years' overpayments against the present years' underpayments.  However, the Commissioner refunded the prior years' overpayments, including interest thereon calculated at the overpayment rate under section 6621(a)(1), to the taxpayer.  The Commissioner later mailed notices of tax due,

including interest calculated at the underpayment rate under section 6621(a)(2) and (c), for the present years' underpayments. The taxpayer paid the present years' underpayments, together with interest at the underpayment rate. The taxpayer then claimed that the Commissioner's failure to offset pursuant to section 6402(a) caused the taxpayer to overpay interest for years before the Court (the present years' overpayments).

The issue in Winn-Dixie Stores, Inc. was whether the Commissioner abused his authority by failing to offset the prior years' overpayments against the present years' underpayments. The Commissioner argued that pursuant to section 6512(b)(4) this Court did not have jurisdiction to decide that matter.

We agreed that pursuant to section 6512(b)(4) this Court did not have authority to restrain or review any credit or reduction made by the Commissioner under section 6402. However, we held that under the facts of Winn-Dixie Stores, Inc. v. Commissioner, 110 T.C. at 294, we were not "being asked to restrain or review a reduction of a refund under section 6402." The overpayments for prior years had been refunded in full to the taxpayer, rather than being reduced through application as a credit against another year's tax. We held that the Commissioner's determination regarding whether to offset the prior years' overpayments against the present years' underpayments affected

the interest due on the present years' underpayments.[3]  We held that we had jurisdiction to review the taxpayer's claim of an overpayment of interest on underpayments for years before the Court and that our jurisdiction to decide the matter was not restricted under section 6512(b)(4).

In the case before us, petitioner does not contest respondent's determination, including the proposed interest calculation on the deficiency, for the year in issue.  Unlike Winn-Dixie Stores, Inc. v. Commissioner, supra, to the extent petitioner reported an overpayment, respondent exercised his discretion under section 6402 to offset such overpayment against petitioner's assessed liabilities for 1990 and 1991.  In this regard, petitioner contends only that respondent improperly determined petitioner's liabilities for interest and penalties for 1990 and 1991 and that, as a consequence, some portion of the $10,131 overpayment that he claimed on his 1993 return is available as an offset against the agreed deficiency for 1993.  However, were we to address petitioner's contention on the merits

---

[3]  Interest on the present years' underpayments was affected because there is no net interest due for the period of mutual indebtedness if the Commissioner exercises his authority to offset under sec. 6402(a).  See sec. 6601(f).  However, there is net interest due if there is no offset.  Net interest results in this instance because the rate for calculating interest on overpayments is less than the rate for calculating interest on underpayments.  See sec. 6621(a).

we would effectively be reviewing the credit made by respondent under section 6402.  This we may not do.[4]  Sec. 6512(b)(4).

To reflect our disposition of the disputed issue, as well as the parties' stipulation of settled issues,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[4] If petitioner has in fact overpaid his liabilities for 1990 and 1991, he may have a remedy in another forum as to those years.  Thus, if applicable limitations periods remain open, petitioner may file a claim for refund for 1990 and 1991 with the Internal Revenue Service, and, if such claim is denied, petitioner may be entitled to sue for a refund in the appropriate Federal District Court or the U.S. Court of Federal Claims.  See <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 (1970).