T.C. Memo. 2000-16

UNITED STATES TAX COURT

DOREEN BOYD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15093-98.              Filed January 18, 2000.

Doreen Boyd, pro se.

<u>John E. Becker</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial

Judge Robert N. Armen, Jr., pursuant to Rules 180, 181, and 183.[1]

---

[1]  All Rule references are to the Tax Court Rules of
Practice and Procedure.  All section references are to the
Internal Revenue Code, as amended.

The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge: On June 18, 1998, respondent issued a notice of final determination denying petitioner's claim to abate interest for the taxable years 1987, 1988, 1990, 1991, and 1992. Petitioner timely filed a petition under section 6404(g)[2] and Rule 280 for review of respondent's denial of abatement of interest. After a concession by petitioner,[3] the only issue for decision is whether respondent's denial of petitioner's request to abate interest for 1988 and 1990 was an abuse of discretion. We hold that it was not.

FINDINGS OF FACT

Some of the facts have been stipulated, and they are so found. Petitioner resided in Camden, New Jersey, at the time that her petition was filed with the Court, and her net worth did not exceed $2 million at that time.

Petitioner filed her 1988 Federal income tax return on June 1, 1992. She timely filed her 1990 return. Respondent examined petitioner's 1988 and 1990 returns and issued petitioner a notice

---

[2] Effective for tax years beginning after Dec. 31, 1997, sec. 6404(g) was redesignated as sec. 6404(i) by the Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. 105-206, secs. 3505(a), 3309(a), 112 Stat. 685, 743, 745.

[3] Petitioner no longer maintains a claim for abatement of interest with respect to taxable years 1987, 1991 and 1992.

of deficiency for those years in March 1993. Petitioner filed a petition in this Court disputing the deficiencies for 1988 and 1990. In March 1994 petitioner and respondent entered into a settlement agreement. The Court entered a stipulated decision on March 29, 1994, that there were deficiencies in petitioner's Federal income taxes in the amounts of $637 for 1988 and $982 for 1990, that there was an addition to tax due for 1988 under section 6653(a)(1) in the amount of $31, and that there was a penalty due for 1990 under section 6662(a) in the amount of $196. The parties' stipulation, included as part of the decision, stated that "the above noted deficiencies do not take into account social security taxes (FICA) or the FICA tax penalty", and that petitioner waived the restriction under section 6213(a) on the assessment and collection of "the deficiencies and the additions to tax (plus statutory interest) and the penalty until the decision of the Tax Court has become final".

Respondent assessed the deficiency in income tax and the addition to tax for 1988 on July 11, 1994. Respondent assessed the deficiency in income tax and the penalty for 1990 on May 30, 1994. Consistent with the parties' stipulation and the decision of the Court that reduced the determined deficiencies, respondent appropriately abated portions of the FICA tax, the FICA penalties, and interest. Further, pursuant to section 6601(c), respondent suspended the accrual of interest on the deficiencies

for the period beginning 30 days after March 29, 1994, the date on which this Court entered the decision in petitioner's case, and ending on the dates, respectively, when respondent made assessments for petitioner's 1988 and 1990 tax years.[4]  In addition to the assessed deficiencies, the addition to tax for 1988, and the penalty for 1990, petitioner's tax liabilities included her assessed liabilities for Social Security taxes and penalties for those two years.

Respondent issued payment notices for petitioner's 1988 and 1990 assessments on February 13, 1995, July 24, 1995, and March 3, 1997.  Additionally, on November 12, 1997, pursuant to a request by petitioner, respondent issued petitioner a notice with respect to each year in issue, providing a detailed explanation of the interest and penalty charged to petitioner's account.

On August 5, 1995, respondent filed a Notice of Federal Tax Lien in Camden, New Jersey, with respect to unpaid assessments due from petitioner for a number of years, including the two years in issue.

OPINION

Pursuant to section 6404(a), the Commissioner is authorized to abate the unpaid portion of the assessment of any tax or any

---

[4]  We note that the record does not indicate whether respondent issued a notice or demand for payment upon assessment for either of the years in issue.  However, petitioner has not alleged that such notice was not received nor does the record so indicate.

liability in respect thereof that is (1) excessive in amount, (2) assessed after the expiration of the period of limitations properly applicable thereto, or (3) erroneously or illegally assessed. See Woodral v. Commissioner, 112 T.C. 19, 23 (1999). A taxpayer may not, however, make a claim for an abatement of income taxes. See sec. 6404(b).

In addition, section 6404(e)(1) provides, in pertinent part, that the Commissioner may abate the assessment of interest on any deficiency attributable to any error or delay by an officer or employee of the IRS (acting in his official capacity) in performing a ministerial act.[5] For purposes of section 6404(e)(1), an error or delay is taken into account only (1) if no significant aspect of such error or delay can be attributed to the taxpayer, and (2) after the IRS has contacted the taxpayer in writing with respect to such deficiency or payment. See sec. 6404(e)(1).

The term "ministerial act" means a procedural or mechanical act that does not involve the exercise of judgment or discretion and that occurs during the processing of a taxpayer's case after

---

[5] In 1996, sec. 6404(e) was amended by sec. 301 of the Taxpayer Bill of Rights 2, Pub. L. 104-168, 110 Stat. 1452, 1457 (1996), to permit respondent to abate interest with respect to an "unreasonable" error or delay resulting from "managerial" and ministerial acts. The new provision applies to interest accruing with respect to deficiencies or payments for tax years beginning after July 30, 1996. Therefore, the new provision is not applicable in this case. See Woodral v. Commissioner, 112 T.C. 19, 25 n.8 (1999).

all prerequisites to the act, such as conferences and review by supervisors, have taken place.  See sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987).[6]

In enacting section 6404(e), Congress did not intend that the abatement of interest provision "be used routinely to avoid payment of interest" but be used in instances "where failure to abate interest would be widely perceived as grossly unfair."  H. Rept. 99-426, at 844 (1985), 1986-3 C.B. (Vol. 2) 1, 844; S. Rept. 99-313, at 208 (1986), 1986-3 C.B. (Vol. 3) 1, 208.

The Commissioner's power to abate an assessment of interest involves the exercise of discretion.  See Lee v. Commissioner, 113 T.C. 145 (1999).  Although we give the Commissioner's decision some deference, we have the authority to determine whether the Commissioner's failure to abate interest was an abuse of discretion.  See sec. 6404(g); Lee v. Commissioner, supra. The Court will direct the Commissioner to abate interest only if the Commissioner exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law.  See Woodral v. Commissioner, supra.  Our review is limited to whether there

---

[6]  The final Treasury regulation under sec. 6404 was issued on Dec. 18, 1998.  The final regulation contains the same definition of ministerial act as the temporary regulation.  The final regulation generally applies to interest accruing on deficiencies or payments of tax described in sec. 6212(a) for tax years beginning after July 30, 1996.  See sec. 301.6404-2(b)(2), Proced. & Admin. Regs.

was an abuse of the Commissioner's discretion, which is a question of fact.  See Estate of Gardner v. Commissioner, 82 T.C. 989, 1000 (1984).

In this case, petitioner's position principally relates to the third possible basis for abatement under section 6404(a); i.e.; an erroneous assessment of interest.  Petitioner makes no allegation that the interest was computed incorrectly because of a mathematical or mechanical error.  Rather, petitioner's claim for abatement relates only to interest that has "erroneously" accrued on assessments that petitioner claims have already been paid.

Petitioner claims:  (1) That she has been making payments toward her 1988 and 1990 tax liabilities since 1994; (2) that respondent has been withholding refunds from her subsequent tax years and that a portion of those refunds should have been applied to her 1988 and 1990 tax liabilities thereby serving to reduce the same; and (3) that respondent has erroneously denied her earned income credit for subsequent tax years.  As a result of these factors petitioner concludes that her assessed liabilities, together with any applicable interest, have been paid.

Petitioner failed to produce probative evidence that she made any payments towards the balance due on her accounts for 1988 and 1990.  Petitioner presented a canceled check in the

amount of $285.22, dated April 14, 1994, that she claims constituted a payment toward her assessed deficiencies for 1988 and 1990. However, the record establishes that on May 26, 1994, respondent credited petitioner's 1991 tax account with a payment in the amount of $285.22. There is no indication that petitioner designated the $285.22 amount as a payment toward her 1988 or 1990 account. Respondent was therefore under no obligation to apply the $285.22 payment toward petitioner's 1988 or 1990 taxable years. See Amos v. Commissioner, 47 T.C. 65 (1966).

Petitioner presented no other evidence of payments toward her accounts for the years in issue and therefore we find that no such payments were made.

Regarding petitioner's claim that respondent should have applied a portion of her overpayments for subsequent tax years to her 1988 and 1990 tax liabilities, petitioner's claim is without merit. Respondent was authorized, pursuant to section 6402(a), to credit the amount of any overpayment against any of petitioner's tax liabilities. The record in this case indicates that respondent applied overpayments from petitioner's subsequent tax years to petitioner's assessed liabilities for a number of years, including the years in issue. Respondent was authorized under section 6402(a) to apply petitioner's refunds against an outstanding liability for any taxable year and was under no

obligation to apply any or all of petitioner's refunds solely against petitioner's liabilities for the years in issue.

Further, pursuant to section 6512(b)(4), this Court is restricted from restraining or reviewing any credit or reduction made by respondent under section 6402. See Savage v. Commissioner, 112 T.C. 46 (1999). Therefore, we are without jurisdiction to decide whether respondent improperly credited any overpayments to petitioner's tax liabilities for years not before the Court. See id.

Finally, petitioner's allegation that respondent erroneously denied her earned income credits for subsequent tax years does not present a cognizable claim under section 6404(a) or (e). We must assume that petitioner's contention is that respondent improperly determined her assessed liabilities for subsequent years (either an assessment resulting from a determined deficiency, or an assessment resulting from a mathematical error, see sec. 6213(b)(1) and, (g)(2)(K)) and that, as a consequence, some portion of the overpayment from those years is now available as an offset against the deficiency for 1988 and 1990. We are, however, without jurisdiction in this proceeding to review respondent's assessment of petitioner's liabilities for years not before the Court. See sec. 6512(b)(1) (this Court has overpayment jurisdiction only for a year properly before the Court); sec. 6214(b) (this Court shall consider facts with

relation to the taxes for other years as may be necessary to redetermine the amount of a deficiency for a year before the Court but has no jurisdiction to decide whether the tax for another year has been overpaid or underpaid).

Petitioner cites no authority to support her claim that the assessments of interest were excessive, erroneous, or illegal. See sec. 6404(a). Nor does the evidence establish that the interest was excessive in amount, assessed after the expiration of the period of limitations properly applicable thereto, or erroneously or illegally assessed. See In re Burns, 974 F.2d 1064, 1066 (9th Cir. 1992).

Petitioner has also failed to specify any ministerial acts that were performed by an officer of the IRS in an erroneous or dilatory manner. See sec. 6404(e). Rather, as we have already discussed, petitioner's principal claim (which we have rejected) is that respondent's officers erred by failing properly to credit her account with payments and overpayments from subsequent years.

Regardless, neither respondent's decision to apply an overpayment to a particular year's tax liability, nor the determination to deny the earned income credit constitutes a procedural or mechanical action where the exercise of judgment or discretion is not required. See sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987).

Petitioner also claims that respondent's officers failed to inform her that there would be due from her additional amounts for FICA taxes, FICA penalties, or interest when she reached a settlement with respondent as to the deficiencies for 1988 and 1990. However, petitioner's claim in this regard is without merit as the parties' stipulation states the contrary.

Because petitioner failed to produce evidence that the interest was excessive in amount, assessed after the expiration of the period of limitations properly applicable thereto, or erroneously or illegally assessed and because her delay in paying the tax and interest was not attributable to any ministerial act that an officer of the IRS performed in an erroneous or dilatory manner, there was no abuse of discretion in respondent's denial of petitioner's request for abatement of interest.

Petitioner has raised other arguments that we have considered in reaching our decision. To the extent that we have not discussed these arguments, we find them to be without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.