127 T.C. No. 12

UNITED STATES TAX COURT

SUSAN BOCOCK AND JACK CARL RYALS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11161-05.                    Filed October 30, 2006.

Ps made certain payments before filing their 2002
tax return and intended that the payments would be
applied to their 2002 taxable year.  R first credited
the payments to Ps' 2002 taxable year but later
credited the payments to P husband's outstanding tax
liability from 1978 after Ps filed their 2002 tax
return on which they claimed an overpayment.  R
subsequently determined a deficiency in income tax and
an accuracy-related penalty pursuant to sec. 6662(a),
I.R.C., for Ps' 2002 taxable year and sent Ps a notice
of deficiency.  Ps timely petitioned this Court for a
redetermination of the deficiency and contended that
the Court has deficiency jurisdiction over the issue of
whether R improperly applied the payments intended for
Ps' 2002 taxable year to P husband's 1978 tax liability
because the payments were amounts "collected without
assessment" within the meaning of sec. 6211(a)(1)(B),
I.R.C.

Held: This Court does not have jurisdiction over the issue of whether R improperly applied the 2002 payments to P husband's 1978 tax liability because R credited P husband's 1978 tax liability pursuant to sec. 6402(a), I.R.C., after Ps reported an overpayment on their 2002 tax return. This Court does not have jurisdiction to review any credit or reduction made by the Commissioner pursuant to sec. 6402(a), I.R.C. Sec. 6512(b)(4), I.R.C.; Savage v. Commissioner, 112 T.C. 46, 49-51 (1999).

Keith H. Johnson, for petitioners.

Lauren Epstein, for respondent.

WELLS, Judge: The instant case is before the Court on respondent's motion to enter a decision. The parties previously had represented to the Court that the case was settled and filed a stipulation of settled issues. We must decide: (1) Whether we have jurisdiction to decide whether respondent improperly credited to an earlier taxable year an overpayment that petitioners reported on their income tax return for taxable year 2002, and, (2) if we find that we have such jurisdiction, whether respondent improperly credited the overpayment. Unless otherwise indicated all section references are to the Internal Revenue Code, as amended.

### FINDINGS OF FACT

Some of the facts and certain exhibits have been stipulated. The parties' stipulations of fact are incorporated in this

Opinion by reference and are found as facts.  At the time of filing the petition, petitioners resided in Archer, Florida.

Petitioners owned a minority interest, as tenants by the entirety, in AllChem Industries Holding Corp. (AllChem), an S corporation.  AllChem made distributions to shareholders primarily to help them pay income taxes for the current taxable year.  On April 10, 2003, AllChem received a notice of assignment from petitioners, in which petitioners expressed their intention that all of the proceeds from any dividend distribution be allocated to the Internal Revenue Service (IRS), and that one-half of any distribution be applied as an "advance payment" toward petitioners' 2002 taxable year and the other half as an "estimated payment" for the first quarter of petitioners' 2003 taxable year.  On April 11, 2003, respondent sent AllChem a notice of levy with respect to petitioner Ryals's (Mr. Ryals's) unpaid income tax liabilities for taxable years 1977 and 1978.[1]  Four days later, on April 15, 2003, AllChem declared a dividend.

On April 15, 2003, petitioners filed a request for an extension of time to file their 2002 tax return and also submitted two payments of $11,000 and $2,000 to be applied to their 2002 taxable year.  Petitioners previously had made, on June 19, 2002, another estimated payment of $2,000 to be applied

---

[1]The notice of levy stated that, as of May 11, 2003, Mr. Ryals's 1977 and 1978 tax liabilities would total $1,687,539.78.

to their 2002 taxable year. Respondent had not determined a deficiency in income tax for petitioners' 2002 taxable year at the time petitioners filed their extension request on April 15, 2003.

On May 9, 2003, respondent received from AllChem two separate checks each in the amount of $7,000 that petitioners intended as estimated tax payments for their 2002 and 2003 taxable years.[2] Respondent credited one of the $7,000 payments to petitioners' 2002 taxable year.[3]

On October 15, 2003, petitioners timely filed their 2002 tax return and reported: A tax liability of $23,979, withholding credits of $12,694, estimated tax payments of $18,000,[4] $11,000

_____

[2]In a letter attached to the checks, AllChem's vice president of finance stated:

> Pursuant to the IRS Notice of Levy dated April 11, 2003, enclosed are two separate checks in the amount of $7,000 each made payable to the IRS which represent a dividend distribution of AllChem Industries Holding Corporation (the "Company") approved April 11, 2003 and otherwise payable to Jack C. Ryals and Susan Bocock Ryals as tenants by the entireties. Also enclosed are an Assignment of Dividend Distribution and a Notice of Assignment provided to us by Mr. and Mrs. Ryals on April 10, 2003.

[3]Respondent credited the other $7,000 payment from AllChem, that petitioners intended as estimated tax payments for 2003, to Mr. Ryals's 1977 tax liability. We note that petitioners' 2003 taxable year is not at issue in the instant case.

[4]Petitioners' arguments have not been consistent. The $18,000 of estimated tax payments that petitioners claimed on their 2002 tax return includes the $7,000 payment from AllChem,
(continued...)

paid with their request for an extension to file, and an overpayment of $17,645 and requested a refund of $17,585.[5] Pursuant to section 6402(a), respondent credited to Mr. Ryals's 1978 income tax liability $10,406.63 of petitioners' claimed overpayment.

Respondent later determined a deficiency in petitioners' income tax of $18,481 and a section 6662(a) penalty of $3,696 for their 2002 taxable year and sent petitioners a notice of deficiency on March 28, 2005. Petitioners timely petitioned this Court.

At the call of the instant case for trial during the Court's trial session on January 23, 2006, the parties appeared and represented to the Court that the case was settled and filed a stipulation of settled issues. We granted the parties an additional 30 days to submit a decision document. After the trial session, a dispute arose between the parties regarding whether certain payments petitioners intended to be applied to their 2002 taxable year were properly credited to earlier years

---

[4](...continued)
that petitioners intended as an estimated tax payment for 2003, but that respondent credited to Mr. Ryals's 1977 tax liability. See supra note 3. For the reasons explained below, we do not have jurisdiction to decide whether respondent improperly credited Mr. Ryals's earlier tax liabilities.

[5]The record does not indicate why petitioners requested a refund that was $60 less than the amount of their claimed overpayment.

by respondent.  Petitioners refused to sign the decision document prepared by respondent's counsel.  The proposed decision document stated that there was a deficiency in petitioners' Federal income tax of $18,481 and a section 6662(a) penalty of $1,848.  Petitioners contend that respondent improperly credited to Mr. Ryals's 1978 tax liability one $7,000 payment and the two $2,000 payments and that those payments should have been applied to petitioners' 2002 taxable year.  Petitioners contend that the decision document should reflect the payments as credits against their 2002 tax liability.  On February 23, 2006, at the end of the 30-day period, respondent filed the instant motion for entry of a decision in accordance with respondent's proposed decision document.  On March 23, 2006, petitioners filed an objection to respondent's motion.  The motion was then set for hearing on April 26, 2006.

OPINION

We must decide whether we have jurisdiction to decide whether respondent improperly credited the payments in issue to Mr. Ryals's 1978 tax liability.  The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent expressly authorized by Congress.  Naftel v. Commissioner, 85 T.C. 527 (1985).  Our deficiency jurisdiction encompasses the redetermination of deficiencies under section 6214(a) and of overpayments, subject to certain limitations, under section

6512(b). Petitioners raise no overpayment issues within the scope of section 6512(b)(1); therefore our overpayment jurisdiction under section 6512 does not apply. Petitioners contend, however, that the Court has jurisdiction over the proper application of the payments in issue because those payments are included in the calculation of a deficiency and therefore must be included in any decision we enter in the instant case. Respondent contends that the payments in issue are estimated tax payments that are not included in the calculation of a deficiency and that, because there is no question of the correct amount of the deficiency, the Court should grant respondent's motion and enter a decision without the inclusion of those payments.

For purposes of section 6214, deficiencies are defined by section 6211 as follows:

SEC. 6211. DEFINITION OF A DEFICIENCY.

(a) In General.--For purposes of this title in the case of income, estate, and gift taxes imposed by subtitles A and B and excise taxes imposed by chapters 41, 42, 43, and 44 the term "deficiency" means the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44 exceeds the excess of--

(1) the sum of

(A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

> (B) the amounts previously assessed (or collected without assessment) as a deficiency, over--
>
> (2) the amount of rebates, as defined in subsection (b)(2), made.

Petitioners contend that the payments in issue fall within the parenthetical language of section 6211(a)(1)(B), "(or collected without assessment)".  We disagree.  Petitioners' argument ignores the language immediately following the parenthetical phrase; i.e., "as a deficiency".  Petitioners contend that they intended the payments in issue to be estimated tax payments for taxable year 2002.  At the time petitioners made the payments in issue, they had not even filed their 2002 tax return.  Section 6211(b) provides that, for purposes of that section, the tax imposed by subtitle A and the tax shown on the return "shall both be determined without regard to payment on account of estimated tax".  See Mackey v. Commissioner, T.C. Memo. 2004-70; Malachinski v. Commissioner, T.C. Memo. 1999-182, affd. 268 F.3d 497 (7th Cir. 2001); see also sec. 301.6211-1(b), Proced. & Admin. Regs. ("Payments on account of estimated income tax * * * shall likewise be disregarded in the determination of a deficiency.").

We therefore conclude that the payments in issue were estimated tax payments and not amounts assessed (or collected without assessment) as a deficiency pursuant to section

6211(a)(1)(B).  Accordingly, the payments in issue did not reduce the deficiency in the instant case.

We do not have jurisdiction over the issue of whether respondent improperly credited the payments in issue because respondent credited $10,406.63 to Mr. Ryals's 1978 tax liability, pursuant to section 6402(a), after petitioners reported an overpayment of $17,645 on their 2002 tax return.  This Court does not have jurisdiction to review the credit made by the Commissioner pursuant to section 6402(a) in the instant case. See sec. 6512(b)(4); Savage v. Commissioner, 112 T.C. 46, 49-51 (1999).[6]

Because our decision will include a section 6662(a) penalty, we address whether the payments in issue reduce the underpayment on which the penalty is imposed even though the parties did not raise the issue.  In Woods v. Commissioner, 91 T.C. 88, 99 (1988), we held that "withholding credits must be subtracted from the 'understatement' to arrive at the 'amount of any underpayment'" in computing the addition to tax under section 6661(a).[7]

After our decision in Woods, the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7721, 103 Stat.

---

[6]Cf. Smith v. Commissioner, 123 T.C. 15, 26 (2004), revd. on other grounds 429 F.3d 533 (5th Cir. 2005).

[7]Former sec. 6661 provided an addition to tax for a substantial understatement of a liability.  The amount of the addition to tax was 25 percent of the amount of any underpayment attributable to such understatement.

2395, repealed section 6661 and replaced it with section 6662.

Section 6664 was also enacted, defining the term "underpayment".

Sections 6662(a) and 6664(a) provide, in pertinent part, as

follows:

> SEC. 6662.  IMPOSITION OF ACCURACY RELATED PENALTY ON
>             UNDERPAYMENTS.
>
>      (a) Imposition of Penalty.--If this section
> applies to any portion of an underpayment of tax
> required to be shown on a return, there shall be added
> to the tax an amount equal to 20 percent of the portion
> of the underpayment to which this section applies.
>
>         *       *       *       *       *       *       *
>
> SEC. 6664.  DEFINITIONS AND SPECIAL RULES.
>
>      (a) Underpayment.--For purposes of this part, the
> term "underpayment" means the amount by which any tax
> imposed by this title exceeds the excess of--
>
>      (1) the sum of--
>
>           (A) the amount shown as the
>      tax by the taxpayer on his return,
>      plus
>
>           (B) amounts not so shown
>      previously assessed (or collected
>      without assessment), over
>
>      (2) the amount of rebates made. [Emphasis added.]

Section 1.6664-2(d), Income Tax Regs., provides further guidance

regarding the phrase "collected without assessment" in section

6664(a)(1)(B):

>      (d) Amounts not so shown previously assessed (or
> collected without assessment).  * * * For purposes of
> [defining an underpayment for purposes of section
> 6662], the amount "collected without assessment" is the
> amount by which the total of the credits allowable

under section 31 (relating to tax withheld on wages)
* * * <u>estimated tax payments</u>, and other payments in
satisfaction of tax liability made before the return is
filed, exceed the tax shown on the return (provided
such excess has not been refunded or allowed as a
credit to the taxpayer). [Emphasis added.]

Thus, section 1.6664-2(d), Income Tax Regs., provides that amounts "collected without assessment" can include estimated tax payments, but only to the extent those payments, along with withholding or other credits, exceed the tax shown on the return, and only so long as the excess has not been refunded or allowed as a <u>credit</u> to the taxpayer.

As we have found above, respondent first credited the disputed estimated tax payments to petitioners' taxable year 2002. After petitioners reported an overpayment of $17,645 on their 2002 tax return, respondent credited $10,406.63 of the claimed overpayment to Mr. Ryals's 1978 tax liability pursuant to section 6402(a).[8] As stated above this Court does not have jurisdiction to review any credit or reduction made by the Commissioner pursuant to section 6402(a). See sec. 6512(b)(4); <u>Savage v. Commissioner</u>, <u>supra</u> at 49. Accordingly, we hold that we do not have jurisdiction to decide whether respondent

---

[8]Respondent was not precluded from subsequently determining a deficiency for petitioners' 2002 taxable year despite allowing a portion of the claimed overpayment. See <u>Terry v. Commissioner</u>, 91 T.C. 85, 87 (1988).

improperly credited the payments in issue to Mr. Ryals's 1978 tax liability.

To reflect the foregoing,

<u>An appropriate order granting respondent's motion and a decision in accordance with respondent's proposed decision will be entered.</u>