T.C. Memo. 2007-311

UNITED STATES TAX COURT

GARY DEAN AND TERI COLLEEN MADDEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23403-05.            Filed October 15, 2007.

Gary Dean and Teri Colleen Madden, pro sese.

<u>Hans Famularo</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  Respondent determined a deficiency in
petitioners' Federal income tax of $1,779 for 2003.  The issue
for decision is whether we have jurisdiction to review the
crediting by respondent, pursuant to his authority under section

6402(a),[1] of an overpayment made by petitioners in 2003 towards petitioners' unpaid 1991 and 1992 tax liabilities.

## Background

Petitioners resided in Banning, California, when the petition in this case was filed.

Petitioners timely filed their joint Federal income tax return for 2003. On their return, petitioners claimed an overpayment of $2,372.90. Petitioners also reported a premature distribution of $17,786.51 from their qualified retirement plan. Petitioners did not indicate on their return that they were liable for any additional amount as a result of this premature distribution.

Respondent applied petitioners' 2003 overpayment to their unpaid tax liabilities for 1991 and 1992.[2] Respondent subsequently determined that petitioners' early distribution from their qualified retirement plan resulted in a 10-percent additional tax under section 72(t).[3] Accordingly, respondent

---

[1] All section references are to the Internal Revenue Code in effect for the year in issue.

[2] Respondent applied $874.85 against petitioners' 1991 tax liability and the remaining $1,498.05 towards petitioners' 1992 tax liability.

[3] Sec. 72(t)(1) generally provides that if a taxpayer receives any amount from a qualified retirement plan, the taxpayer's Federal income tax liability is increased by an amount equal to 10 percent of the portion of the amount received from the plan which is includable in gross income. Sec. 72(t)(2)
(continued...)

determined a $1,779 deficiency in petitioners' 2003 Federal income tax,[4] and on September 12, 2005, respondent issued a notice of deficiency to petitioners.

On December 12, 2005, petitioners filed their petition. Petitioners argue that their 2003 overpayment should have been applied to cover the $1,779 deficiency that resulted from the additional tax required by section 72(t)(1).[5] Petitioners' case was set for trial at the Court's February 5, 2007, Los Angeles, California, trial session. On February 5, 2007, petitioners failed to make an appearance, and respondent submitted a motion to dismiss for lack of prosecution. Petitioner Gary Madden, however, appeared before the Court on February 6, 2007, and we set petitioners' case for recall.[6] On February 8, 2007, we denied respondent's motion to dismiss for lack of prosecution and conducted a trial.

---

[3](...continued)
lists the circumstances in which a taxpayer is permitted to receive distributions from his or her qualified retirement plan without incurring the 10-percent additional tax mandated by sec. 72(t)(1).

[4] The $1,779 deficiency calculated by respondent is 10 percent of $17,786.51, the amount of the distribution from petitioners' retirement plan includable in gross income.

[5] Petitioners concede that they are liable for the $1,779 deficiency under sec. 72(t).

[6] Petitioners mistakenly believed their case was calendared for Feb. 6, 2007.

## Discussion

Under section 6402(a), the Secretary, within the applicable period of limitations, may credit any amount of an overpayment against any liability attributable to an internal revenue tax owed by the person who made the overpayment. As discussed above, respondent credited petitioners' 2003 overpayment to petitioners' outstanding tax liabilities for 1991 and 1992. Petitioners would have us recredit their 2003 overpayment towards their $1,779 deficiency for 2003 to cover the 10-percent additional tax resulting from the early withdrawal from their retirement account. Petitioners offer no support for their argument that we possess jurisdiction to recredit petitioners' overpayment.

We cannot recredit petitioners' overpayment. The Tax Court is a court of limited jurisdiction and may exercise its jurisdiction only to the extent expressly authorized by Congress. Naftel v. Commissioner, 85 T.C. 527 (1985). Pursuant to section 6512(b)(4), we do not have jurisdiction to review any credit made by the Commissioner under section 6402(a). See Bocock v. Commissioner, 127 T.C. 178, 182 (2006); Savage v. Commissioner, 112 T.C. 46, 49-51 (1999). Accordingly, we do not have jurisdiction to decide whether respondent properly credited petitioners' 2003 overpayment to tax years 1991 and 1992.

To reflect the foregoing,

<u>Order of dismissal for lack</u>

<u>of jurisdiction will be entered</u>.