T.C. Memo. 2010-240

UNITED STATES TAX COURT

DAVID LEE SMITH AND MARY JULIA HOOK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22223-07.          Filed November 1, 2010.

David Lee Smith and Mary Julia Hook, pro sese.

<u>Miles B. Fuller</u> and <u>Joan E. Steele</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies in petitioners' Federal income tax and additions to tax and penalties as follows:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) | Penalty Sec. 6662 |
|------|-----------|-------------------------------|-------------------|
| 2001 | $84,482 | $20,881.75 | $16,896.40 |
| 2002 | 98,419 | 24,572.50 | 19,683.80 |
| 2003 | 105,143 | 21,861.75 | 21,028.60 |
| 2004 | 126,057 | -0- | 25,211.40 |
| 2005 | 52,099 | -0- | 10,419.80 |

Petitioner Mary Julia Hook (Hook) has entered into a settlement with respondent, but petitioner David Lee Smith (Smith) has not. The issues for decision as to Smith are whether assessment of the amounts in dispute is barred by the statute of limitations; whether Smith is entitled to any reductions in the deficiencies not conceded by respondent in the settlement with Hook; whether the additions to tax and penalties are appropriate; and whether Smith is entitled to relief under section 6015. All section references are to the Internal Revenue Code in effect for the years in issue.

FINDINGS OF FACT

None of the facts have been stipulated. Petitioners resided in Colorado at the time the petition was filed. They graduated from law school and were married in 1972, and at all material times they were married but living apart. Hook practiced law successfully with the U.S. Department of Justice and with various private law firms. She also received rental income from rental property that she owned.

Beginning in or about 1993, Smith was disbarred by courts in Colorado. He moved to Texas in 1998 in order to practice law

there.  After being disbarred by Federal courts in Texas, he returned to Colorado in 2002.  Although he has been reinstated by some jurisdictions, he did not earn income from the practice of law during the years in issue.  Smith traded in securities and withdrew funds from a retirement account during the years in issue.  He also received Social Security payments.  However, Hook supported Smith and permitted him to reside on property that she purchased in Denver for that purpose.

Hook prepared joint Federal income tax returns for petitioners for the years in issue and signed Smith's name pursuant to a power of attorney Smith executed in 1984.  The returns for 2001, 2002, and 2003 were not received by the Internal Revenue Service (IRS) before July 29, 2004, September 26, 2005, and September 24, 2005, respectively.  Petitioners' returns for 2004 and 2005 were received September 26, 2005, and April 15, 2006, respectively.  The notice of deficiency for tax years 2001 through 2005 was sent July 3, 2007.

The returns Hook prepared omitted income Hook received in 2002, retirement account distributions to Smith in 2004 and 2005, and other income.  Deductions were claimed for, among other things, business expenses of Smith's law practice of $73,381, $75,732, $87,437, $71,047, and $42,190 for 2001, 2002, 2003, 2004, and 2005, respectively.  Those expenses, if incurred at all, related primarily to Smith's activities in controversies

with the IRS concerning petitioners' income tax liabilities for 1992 through 1996.

This case was set for trial during the trial session of the Court commencing September 8, 2008, in Denver. After several unsuccessful motions by Smith to continue or stay the proceedings, the parties announced that they had reached a settlement. In open court on September 9, 2008, Hook, represented by counsel, stipulated recomputed deficiencies, additions to tax, and penalties, eliminating some of the income adjustments contained in the notice of deficiency but disallowing disputed deductions. The settlement was set aside for reasons described in Smith v. Commissioner, T.C. Memo. 2009-33, filed February 11, 2009.

On September 21, 2009, Hook, represented by counsel, stipulated that the correct deficiencies, additions to tax, and penalties for the years in issue are as follows:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) | Penalty Sec. 6662 |
|------|-----------|--------------------------------|-------------------|
| 2001 | $10,073 | $2,310.75 | $2,014.60 |
| 2002 | 27,592 | 6,898.00 | 5,518.40 |
| 2003 | 37,696 | 5,041.00 | 7,539.20 |
| 2004 | 123,807 | -0- | 24,761.40 |
| 2005 | 50,752 | -0- | 10,150.40 |

While this case was pending, Hook was engaged in bankruptcy litigation involving, in part, collection of petitioners' tax liabilities for 1992 through 1996 as determined in docket Nos. 8747-00 and 11725-02, which were the subject of the opinion in

<u>Smith v. Commissioner</u>, T.C. Memo. 2003-266, affd. sub nom. <u>Hook v. Commissioner</u>, 103 Fed. Appx. 661 (10th Cir. 2004).  On or about April 9, 2010, approximately a month before this case was to be tried in Denver, Smith filed a refund suit in the U.S. Court of Federal Claims disputing the outstanding liabilities for 1992 through 1996 and seeking to oust this Court of jurisdiction over his liabilities for 2001 through 2005.

                            OPINION

     Petitioners' longstanding war with the IRS has been recounted in prior opinions reported as <u>Smith v. Commissioner</u>, T.C. Memo. 2003-266, relating to petitioners' liabilities for 1992 through 1996, and <u>Smith v. Commissioner</u>, T.C. Memo. 2009-33, relating to an unsuccessful effort to settle this case before a scheduled trial.  From the first time this case was set for trial by notice served April 8, 2008, through trial and submission of this case in May 2010, petitioners' strategy has been to delay the determination of their tax liabilities by dilatory motions for continuance, obstruction of discovery, repetitious and meritless motions, and attacks on respondent's counsel.  In addition, Smith has verbally attacked the courts that disbarred him and the judges that have heard various aspects of the disputes between petitioners and the IRS, including a bankruptcy judge and three Judges of this Court.  Most of the record in this case, including the trial transcript, is made up of Smith's

arguments, in which he quotes himself at length, argues about matters related to the final decisions concerning liabilities for 1992 through 1996 and collection proceedings relating to them, and reargues motions decided in this case. (His conduct can best be described as an ongoing tantrum.)

<u>Period of Limitations and Deficiencies</u>

Respondent introduced official records of the IRS reflecting receipt of petitioners' 2001 return on July 29, 2004, and their 2002, 2003, and 2004 returns in September 2005. If we accept that evidence as to the filing dates of the returns for purposes of section 6501(a), the notice of deficiency sent July 3, 2007, was timely as to all of the years in issue. See, e.g., <u>Moseley v. Commissioner</u>, T.C. Memo. 1993-4. From time to time, Smith has asserted that assessments for all years are barred because they were not accomplished within 3 years from the dates the returns were filed, but that position is erroneous as a matter of law. The petition in this case suspended running of the period of limitations because no assessment can take place until the decision becomes final. See sec. 6213(a).

Because Smith has disavowed any knowledge of the preparation and filing of the tax returns for the years in issue, he relies entirely on Hook's testimony about the filing dates, the timeliness of the returns, and the records that she used in determining the deductions claimed on the returns. Her testimony

consists of general assertions that she filed a return for each year before an October extended due date and that the returns were correct as filed.

Hook's testimony that she filed timely tax returns for 2001, 2002, and 2003 is not corroborated by any documentary evidence and is contradicted by the official records of the IRS. There is no evidence of payments sent with returns or of pursuit of refunds claimed on returns. The 2003 return, for example, claimed a refund of $57,000, and Hook testified that the return was mailed on the date signed, October 12, 2004. Hook claims that the refund was applied to taxes owed for 1992 through 1996 but that she has not been given credit for that amount. Petitioners have not identified that unpaid refund in their demand for accounting. In view of the long history of their disputes with the IRS, we do not believe that petitioners would not have vigorously pursued a refund claimed on a 2003 return filed in October 2004.

Hook testified that collection efforts with respect to the 1992 through 1996 liabilities began in about 2005. Reasonable inferences are that petitioners delayed filing the returns for 2001 through 2003 because of then-ongoing litigation with the Commissioner over their liabilities for 1992 through 1996 and that they filed the late returns when collection efforts began for those earlier years because noncompliance with filing

obligations prevents consideration of collection alternatives. See <u>Vinatieri v. Commissioner</u>, 133 T.C. 392, 400 (2009); <u>Orum v. Commissioner</u>, 123 T.C. 1, 4, 12 (2004), affd. 412 F.3d 819 (7th Cir. 2005). We conclude that the more reliable evidence and the more likely fact is that the returns were not filed before the dates they were received as reflected in the IRS records.

Hook also asserts that she maintained adequate records to support the deductions claimed on the returns but that the records were destroyed by a roof leak in November or December 2009. The roof leak and resulting damage petitioners described occurred long after the records were to be produced in this case during pretrial discovery, pursuant to an order of this Court dated August 13, 2008; after the previous trial setting, on September 9, 2008, was vacated because of the representations that settlement had been reached; and after Hook's stipulation of the deficiencies set forth above. If the records existed to substantiate the deductions, the failure to turn them over before the roof leak is inexplicable. In any event, Hook's testimony did not identify or substantiate any of the disallowed deductions or identify or establish any errors in respondent's determination of unreported income for any of the years in issue.

Moreover, cross-examination of Hook revealed that some of the deductions claimed were improper. For example, Hook claimed deductions for malpractice insurance coverage provided by her

employer and not paid for by her.  She merely assumed and deducted amounts based on quoted premiums that she would have paid had she obtained the coverage independently.  She also deducted office rent, utilities, and other office expenses based on her calculation of amounts she would have paid if she had obtained an office independently.  She claimed that her employer reduced her earnings to reflect these expenses, but she admitted that she did not report the income allegedly retained by her employer to cover those items.

On the tax returns that she prepared, Hook claimed business expense deductions attributable to Smith despite her knowledge that he was not practicing law or engaged in a business to which the claimed deductions related.  She testified that she signed blank checks that he completed and claimed deductions of amounts shown on the canceled checks returned to her.  She deducted alleged expenses of Smith's stock trading activities, car and truck expenses, insurance, and office expenses related to the residence that she provided for him, knowing that he had no income from the alleged activities.

Smith testified that when he returned to Colorado in 2002:

Julia was embroiled in this aggressive action by the IRS with respect to the 1992 through 1996 tax returns, so I started spending a lot of time.  I consider it practicing law in the sense I'm a pro se, trying to get a Court to not have hundreds of thousands of dollars wrongfully imposed against me for the 1992 through 1996 tax years.

We infer, and we have found, that expenses claimed as Smith's business expenses included expenses of petitioners' personal litigation with the IRS. They are not deductible business expenses, even if substantiated.

Petitioners' testimony is implausible and insufficient to support findings that tax returns were filed on time or that deductible business expenses were incurred. We reject categorically Smith's assertion that he has satisfied the conditions for shifting to respondent the burden of proof under section 7491(a), because petitioners have not introduced credible evidence, did not substantiate deductions, did not maintain required records, and did not cooperate with reasonable requests for information and documents. See sec. 7491(a)(2).

We conclude that assessment of the amounts in dispute in this case, after the decision becomes final, is not barred by limitations, and that no adjustments in the reduced amounts conceded by respondent in the settlement with Hook are justified. (Smith's liabilities are limited to the stipulated amounts).

## Addition to Tax and Penalty

Respondent has the burden of producing evidence that the section 6651(a) addition to tax and the section 6662 penalty are appropriate. See sec. 7491(c). Proof of the late filing of the returns, which we have accepted because of the lack of credible evidence of timely filing, satisfies respondent's burden. See

Higbee v. Commissioner, 116 T.C. 438, 446-448 (2001).
Petitioners have failed to establish or even argue that the late
filing was due to reasonable cause and not willful neglect.  See
sec. 6651(a)(1).  The additions to tax for late filing are
sustained.

The deficiencies stipulated by Hook and sustained in this
opinion result in substantial understatements within the meaning
of section 6662(d).  In any event, the omission of income and the
improper deduction of Smith's expenses and certain of Hook's
claimed business expenses, as is apparent from cross-examination
of each of them, constitute negligence as defined in section
6662(c).  See Higbee v. Commissioner, supra at 448-449.  The
section 6662(a) penalties are appropriate.  Petitioners'
unsupported assertions that the returns were correct do not
constitute reasonable cause or any other defense to the
penalties.  The penalty for each year will be sustained.

Section 6015

Generally, married taxpayers may elect to file a joint
Federal income tax return.  Sec. 6013(a).  After making the
election, each spouse is jointly and severally liable for the
entire tax due for that taxable year.  Sec. 6013(d)(3).  A spouse
(requesting spouse) may, however, seek relief from joint and
several liability by following procedures established in section
6015.  A requesting spouse may request relief from liability

under section 6015(b) or, if eligible, may allocate liability according to provisions under section 6015(c).  Sec. 6015(a).  If relief is not available under section 6015(b) or (c), an individual may seek equitable relief under section 6015(f). Section 6015(f) authorizes the Commissioner to grant equitable relief from joint and several liability if "taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either)".

Respondent argues that actual knowledge of the understatements is attributable to Smith.  Although Smith did not personally sign the joint tax returns that petitioners filed, he authorized Hook to sign his name.  He did not satisfy his duty of inquiry but turned a blind eye to the contents of the returns. See Bokum v. Commissioner, 94 T.C. 126, 148 (1990), affd. 992 F.2d 1132 (11th Cir. 1993); Adams v. Commissioner, 60 T.C. 300, 303 (1973).  Moreover, at the time that the tax returns for the years in issue were due, Smith was well aware that the returns for 1992 through 1996 had been challenged by the Commissioner for similar reasons and that substantial deficiencies and penalties had been determined for those years.  Smith's knowledge is a disqualifying factor for relief under section 6015(b)(1)(C) or (c)(3)(C).

Although they were living separately during the years in issue, Smith has not shown grounds for allocation under section 6015(c) and (d), and the record of omitted income withdrawn from his retirement account and the erroneous deductions attributable to him negate such allocation. Nothing in this record suggests that it would be inequitable to hold him liable for the deficiencies, which is the showing required under section 6015(b)(1)(D) or (f)(1). Smith has not presented evidence of any factor favoring relief among those generally considered in determining entitlement under section 6015, and discussion of those factors is therefore not necessary. Smith is not entitled to relief under section 6015.

Other Issues Raised by Smith.

Much of the voluminous record in this case is based on Smith's complaints, joined by Hook, about the final decisions in the cases involving their 1992 through 1996 tax liabilities and the collection efforts that followed assessment of the liabilities for those years. Smith's attacks on the Court in relation to the prior cases will not be addressed in this opinion. His several motions to disqualify Judges involved in this case are based on adverse rulings that are not grounds for disqualification. See United States v. Conforte, 624 F.2d 869, 882 (9th Cir. 1980); United States v. Carroll, 567 F.2d 955, 958

(10th Cir. 1977); United States v. Haldeman, 559 F.2d 31, 136 (D.C. Cir. 1976); United States v. Ming, 466 F.2d 1000, 1002-1004 (7th Cir. 1972).

Petitioners argue that the deficiencies in this case should be reduced by alleged overpayments resulting from excess collections of the earlier years' liabilities. They filed a motion for refund of the amounts the IRS collected from them after the petition in this case was filed. The Court ordered a response from respondent, to "include an accounting that shows whether any collection of funds from petitioners has been 'in respect of the deficiency that is the subject of' the petition in this case, over which the Court has jurisdiction under section 6213(a)." Section 6213(a) prohibits assessment of a deficiency or collection efforts during the pendency of a case in this Court and provides in relevant part that a refund may be ordered of any amount collected during the time that the prohibition is in effect but "only in respect of the deficiency that is the subject of such petition." Thus the Court has no jurisdiction here to order refunds of amounts collected with respect to deficiencies finally determined for 1992 through 1996. See Beane v. Commissioner, T.C. Memo. 2009-152.

The purpose of the Court's order for an accounting was to determine whether any amounts had been collected with respect to the deficiencies for 2001 through 2005. Petitioners claim that

amounts collected in relation to Hook's bankruptcy must have been applied to the years before the Court in this case because the official transcripts for those years show zero balances. The transcripts show zero balances because the amounts due have not been assessed during the pendency of this case and not because any amounts have been collected for those years.

Respondent filed an objection to the motion for refund and an accounting of funds collected during the relevant period and the application of those funds. Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for petitioners' accounts were attached to the objection. The report also described a dispute about if and when credits were due for the value of real properties quitclaimed by Hook to the Government in response to a bankruptcy court order. In any event, the accounting reported that none of the funds collected were applied or applicable to the deficiencies in this case.

Despite repetitious filings (and trial testimony) claiming overpayments, petitioners have not identified any payments or collections not accounted for in respondent's report. Nonetheless, petitioners sought modification of the Court's order to include alleged errors with respect to liabilities determined for 1992 through 1996; demanded that respondent's counsel be held in contempt and sanctioned; and filed a complaint in the U.S. Court of Federal Claims seeking similar relief. Petitioners'

motion for refund was denied for lack of jurisdiction. Cf. Ryals v. Commissioner, 127 T.C. 178, 182 (2006); Savage v. Commissioner, 112 T.C. 46, 49-51 (1999); Porter v. Commissioner, T.C. Memo. 2010-154.

At the time the case was called for trial, Smith claimed that his filing of the complaint with the U.S. Court of Federal Claims divested this Court of jurisdiction. Smith cited section 6015(e)(3). His motion was denied as another dilatory tactic without merit.

Section 6015(e)(3) provides:

> (3) Limitation on Tax Court jurisdiction.--If a suit for refund is begun by either individual filing the joint return pursuant to section 6532--
>
> (A) the Tax Court shall lose jurisdiction of the individual's action under this section to whatever extent jurisdiction is acquired by the district court or the United States Court of Federal Claims over the taxable years that are the subject of the suit for refund, and
>
> (B) the court acquiring jurisdiction shall have jurisdiction over the petition filed under this subsection.

That section assumes, however, that the U.S. Court of Federal Claims has jurisdiction over the taxable years that are the subject of the suit for refund. It must be reconciled with section 7422(e), which gives the Tax Court sole jurisdiction of cases, such as this one, in which a notice of deficiency has been sent and a timely petition filed in this Court. Section 6015(e)(3) merely gives the U.S. Court of Federal Claims

jurisdiction over a "stand-alone" proceeding under section 6015(e) brought when a refund suit is commenced in that court for the same years as the section 6015(e) petition. It cannot be used to oust this Court of jurisdiction obtained as a result of a petition filed in response to a notice of deficiency. Because the U.S. Court of Federal Claims does not acquire jurisdiction over the tax liabilities for 2001 through 2005, section 6015(e)(3) does not apply here.

We have considered the other arguments raised, including petitioners' claims that the notice of deficiency is void and that they have been denied due process. None of petitioners' arguments have merit. Addressing them in detail would be a further waste of judicial resources and would only serve petitioners' intent to delay.

Smith will be given the benefit of respondent's settlement with Hook, and the reduced deficiencies, related additions to tax, and penalties will be sustained. His pointless rehashing of the decisions for 1992 through 1996, his repetitious motions, and his attacks on respondent's counsel and on the Court were not designed to accomplish anything favorable to petitioners in this proceeding; thus they appear to have been pursued primarily for delay. Smith is hereby warned that any additional proceedings brought by him in which he makes similar groundless arguments for

the same purpose may result in imposition of a penalty not in excess of $25,000 under section 6673.

     To reflect the foregoing,

<u>Decision will be entered in accordance with the stipulation between Hook and respondent</u>.